UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

AARON BONDS, individually and on behalf of all others similarly situated,

                  Plaintiff,

  v.

BLU PRODUCTS, INC., SHANGHAI ADUPS TECHNOLOGY CO., LTD., and ADUPS USA LLC,

                  Defendants.

**CLASS ACTION COMPLAINT**

Plaintiff Aaron Bonds ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendants Blu Products, Inc. ("Blu"), Shanghai Adups Technology Co., Ltd., and Adups USA LLC (collectively, "Adups").

**SUMMARY OF THE ACTION**

1. This is a privacy case against Blu, a manufacturer and seller of cell phones, and Adups, a developer of firmware (a type of software) installed on approximately 120,000 Blu phones.

2. Adups firmware on Blu phones continuously captured and transmitted to a server in China the cell phone owners' text messages, personal contacts, call logs, physical locations, and other confidential data. Defendants intentionally intercepted, recorded, and transmitted this data without the knowledge or consent of the cell phone owners. Defendants' scheme violated the owners' privacy rights as protected at common law and by federal statutes. Defendants'

scheme also impaired the Blu cell phones' performance by increasing the frequency with which the phones needed to be charged and by decreasing the total lifespan of the battery.

3.  Plaintiff and similarly situated consumers would not have purchased Blu phones had they known of the phones' concealed, battery-draining software designed and installed for the purpose of collecting their private information and transmitting it to an unauthorized party or parties. Plaintiff accordingly seeks relief for himself and the other owners of the affected cell phones.

## JURISDICTION AND VENUE

4.  Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims for violations of the Wiretap Act, 18 U.S.C. § 2511, the Electronic Communications Privacy Act, 18 U.S.C. § 2512, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

5.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.  Additionally, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the Class is a citizen of a state different from Defendants Blu and Adups, the amount in controversy exceeds $5,000,000 exclusive of interest and costs, the Class contains more than 100 members, and none of the exceptions under the subsection applies to this action.

7.  Venue is proper in this District under 28 U.S.C. § 1391(b) because Blu's principal place of business is within this District and a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in this District.

## PARTIES

8.  Plaintiff Aaron Bonds is a citizen of Alabama who resides in Mobile, Alabama.

2

9. Defendant Blu Products, Inc. is a Delaware corporation headquartered in Miami, Florida.

10. Defendant Shanghai Adups Technology Co., Ltd. is a Chinese entity based in Shanghai, People's Republic of China.

11. Defendant Adups USA LLC is a Delaware corporation.

## FACTS SPECIFIC TO PLAINTIFF

12. On September 30, 2016, Mr. Bonds purchased a Blu R1 HD R0030UU cell phone ("Blu R1") from Amazon.com ("Amazon") for $59.99.

13. In addition to using his Blu R1 to place and receive phone calls, Mr. Bonds has used it for text messaging. He has transmitted and received sensitive personal and work-related information via text message on his Blu R1.

14. Before he purchased the Blu R1, Mr. Bonds read all of the promotional material on Amazon's website concerning the device.

15. None of the promotional material that Mr. Bonds read concerning the Blu R1 indicated that the device contained firmware that would intercept, record, and transmit his text messages and other personal information.

16. On November 15, 2016, Mr. Bonds received an e-mail from Amazon announcing "a potential security issue with a Blu smartphone our records indicate you purchased or registered . . . . Blu intends to push out a software update that will fix the issue."

17. The "potential security issue" referred to the fact that several models of Blu cell phones, including the Blu R1, had been continuously intercepting and recording Blu phone users' private information and transmitting such information to a server located in Shanghai.

18. At no time did Mr. Bonds know of, or consent to, the interception, recording, or transmission of his private information on his cell phone.

19. Had Mr. Bonds been aware that software on the Blu R1 would capture and transmit his private information to an unauthorized party or parties, he would not have purchased a Blu R1.

## COMMON ALLEGATIONS OF FACT

**A.      Blu's Products**

20. Blu sells cell phones that operate on the Google Android operating system.

21. The cell phones that Blu sells are relatively inexpensive. The cost of Blu phones is subsidized by companies that pay to advertise to Blu customers, including through advertisements displayed on Blu phones.

**B.      Adups and Its Firmware Business**

22. Adups provides firmware and remote device management software to cell phone manufacturers, such as Blu.

23. Firmware is permanent software installed on a device or system that creates or enhances the ability to control, monitor, and/or manipulate data on the device or system.

**C.      Adups Firmware's Extraction and Transmission of Consumers' Private Information**

24. Blu incorporates Adups firmware into several models of Blu phones sold in the United States, including the R1 HD, Energy X Plus 2, Studio Touch, Advance 4.0 L2, Neo XL, and Energy Diamond (the "Affected Phones").

25. Adups firmware installed on the Affected Phones collected sensitive personal data and communications of their users and transmitted such data and communications to an Adups server in Shanghai without the knowledge or consent of the users.

26. On November 15, 2016, Kryptowire, a U.S. security firm, reported that Adups firmware on the Affected Phones was surreptitiously intercepting and transmitting user data, including the full contents of text messages.

27. Blu has admitted that approximately 120,000 Affected Phones contain the relevant Adups firmware.

28. The operation of this Adups firmware bypassed the detection of mobile antivirus security programs. These programs assumed that the Adups firmware is not malware because it was contained within the Affected Phones at all times after they were shipped to purchasers.

29. The private user data intercepted, recorded, and transmitted by the Adups firmware included the full content of text messages, contact lists, call histories, and phone numbers, as well as unique device identifiers. The Adups firmware also provided detailed information about users' physical locations.

30. Users of Blu phones could not reasonably detect the existence, or the data collection and transmission functions, of the Adups firmware.

31. Users of Blu phones could not reasonably delete or disable the Adups firmware or its data collection and transmission functions.

32. Blu and Adups purposely concealed from Affected Phone owners the existence and operation of the firmware that intercepted, recorded, and transmitted the owners' personal information and communications.

33. Prior to November 15, 2016, neither Blu nor Adups ever disclosed to Affected Phone owners the existence of the Adups firmware or the fact that their personal information and communications would be (and were being) intercepted, recorded, and transmitted abroad.

34. Prior to November 15, 2016, Affected Phone owners never knew of the interception, recording, and transmission abroad of their personal information and communications.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of a Class defined as:

> All persons in the United States who, at any time before November 15, 2016, purchased or owned any of the following Blu cell phones—R1 HD, Energy X Plus 2, Studio Touch, Advance 4.0 L2, Neo XL, or Energy Diamond—containing Adups firmware in any version from 5.0.x to 5.3.x.

Excluded from the proposed Class are Defendants' officers, directors, legal representatives, successors, and assigns; any entity in which Defendants have a controlling interests; and judicial officers to whom this case is assigned and their immediate family members.

36. The requirements of Rules 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure are met in this case.

37. **Numerosity.** The Class consists of approximately 120,000 owners of Affected Phones, making joinder of each Class member impracticable.

38. **Commonality and Predominance.** Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

   A. Whether Adups firmware on the Affected Phones surreptitiously intercepted Class members' sensitive personal information, such as text messages, contact lists, and call histories;

B.       Whether Adups firmware on the Affected Phones surreptitiously transmitted Class members' sensitive personal information, such as text messages, contact lists, and call histories, to an unauthorized party or parties;

C.       Whether a reasonable person would find it highly offensive that Defendants collected Class members' private text messages and other personal information and transmitted such information to an unauthorized party or parties without Class members' knowledge or consent;

D.       Whether Defendants intentionally interfered with Class members' ownership, possession, and/or use of their Affected Phones by causing sensitive personal information to be extracted from their phones and transmitted overseas without their knowledge or consent;

E.       Whether Defendants' conduct set forth herein violated the Wiretap Act, the Electronic Communications Privacy Act, and/or the Magnuson-Moss Warranty Act; and

F.       Whether Class members would have refrained from purchasing the Affected Phones, or purchased them only at lower prices, had Class members been aware of the conduct set forth herein.

39.      **Typicality.**  Plaintiff's claims are typical of the claims of the Class.  Plaintiff, like all Class members, purchased an Affected Phone that intercepted, recorded, and transmitted his private user information without his knowledge or consent.  Each Class member's claims arise from the same conduct and alleged violations of Defendants.

40.      **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  The interests of Plaintiff do not conflict with the interests of Class

members, and Plaintiff has retained counsel experienced in prosecuting class action and privacy litigation.

41. In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3).

42. **Superiority.** A class action is superior to individual adjudications of this controversy. Litigation is not economically feasible for individual Class members because the amount of monetary relief available to individual plaintiffs is insufficient in the absence of the class action procedure. Separate litigation could yield inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. A class action presents fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

43. Class certification is also appropriate under Rule 23(b)(1) or (b)(2) because:

A. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants;

B. The prosecution of separate actions by individual Class members would create a risk of adjudication of their rights that, as a practical matter, would be dispositive of the interests of other Class members not parties to such adjudications or would substantially impair or impede other Class members' ability to protect their interests; and

C. Defendants have acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

## FIRST CLAIM FOR RELIEF
### Violations of the Wiretap Act,
### 18 U.S.C. § 2511

44.     Plaintiff realleges paragraphs 1–43 as if set forth herein.

45.     Defendants, by means of their design, authorship, programming, installation, activation, and other involvement with the Adups firmware on the Affected Phones, intentionally intercepted, endeavored to intercept, and/or procured others to intercept or endeavor to intercept electronic communications, in violation of 18 U.S.C. § 2511(1).

46.     Defendants' intentional interceptions of Plaintiff's and Class members' electronic communications harmed Plaintiff and Class members, including by interfering with their trust and repose in the privacy and security of their personal and confidential communications.

47.     Pursuant to 18 U.S.C. § 2520, Plaintiff and Class members are entitled to appropriate relief, including damages, equitable or declaratory relief, and a reasonable attorney's fee.

## SECOND CLAIM FOR RELIEF
### Violations of the Electronic Communications Privacy Act,
### 18 U.S.C. § 2512

48.     Plaintiff realleges paragraphs 1–43 as if set forth herein.

49.     Defendants intentionally possessed, manufactured, sold, and/or assembled an electronic device knowing, or having reason to know, that the design of the device renders it primarily useful for the purpose of the surreptitious interception of electronic communications and that such device or any component thereof has been or will be transported in interstate or foreign commerce.  The Adups firmware pre-installed on Affected Phones was sent through the mail and/or transported in interstate or foreign commerce.

50.     Such Adups firmware constitutes an electronic device designed to be primarily useful for the purpose of surreptitious interception of electronic communications.  Adups

9

firmware surreptitiously intercepted text messages sent electronically via Plaintiff's and Class members' cell phones.

51. By means of Defendants' conduct alleged herein, electronic communications of Plaintiff and Class members were intentionally and surreptitiously intercepted, in violation of 18 U.S.C. § 2512.

52. Defendants' intentional, surreptitious interceptions of Plaintiff's and Class members' electronic communications harmed Plaintiff and Class members, including by interfering with their trust and repose in the privacy and security of their personal and confidential communications.

53. Pursuant to 18 U.S.C. § 2520, Plaintiff and Class members are entitled to appropriate relief, including damages, equitable or declaratory relief, and a reasonable attorney's fee.

## THIRD CLAIM FOR RELIEF
**Violations of the Magnuson-Moss Warranty Act,
15 U.S.C. § 2301,** *et seq.*

54. Plaintiff realleges paragraphs 1–43 as if set forth herein.

55. The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*, is a federal consumer protection statute that supplements state warranty law.

56. Defendants breached the MMWA's implied warranty of merchantability by failing to provide merchantable goods. The Affected Phones are neither merchantable nor fit for their ordinary purposes because the phones do not satisfy their ordinary purpose of transmitting private, confidential information in a secure manner.

57. A function of the Adups' firmware installed on Affected Phones was to purposely intercept and record private and confidential information—including the contents of text

messages and personal contact lists—and transmit such information to an unauthorized server abroad.

58. The operation of Adups' firmware on the Affected Phones also significantly diminished the phones' performance and value, reduced the utility and lifespan of their batteries, and resulted in cellular data wastage.

59. Plaintiff and Class members sustained damages, in an amount to be proven at trial, as a direct and proximate result of Defendants' MMWA violations and breaches of the implied warranty of merchantability.

60. Plaintiff and Class members seek equitable relief in the form of an order requiring Defendants to conform the Affected Phones to the implied warranties made with respect to them, by requiring cessation of the interception, recording, and transmission of private communications and data as alleged herein.

## FOURTH CLAIM FOR RELIEF
**Invasion of Privacy (Intrusion upon Seclusion)**

61. Plaintiff realleges paragraphs 1–43 as if set forth herein.

62. Defendants intentionally installed, or caused to install, Adups firmware on the Affected Phones.

63. Defendants knew that such Adups firmware would, and did, collect and transmit Plaintiff's and Class members' confidential text messages and other personal information without their knowledge or consent.

64. By intentionally installing, or causing to install, Adups firmware on the Affected Phones, Defendants unlawfully intruded upon Plaintiff's and Class members' seclusion and interfered with their trust and repose in the security of their private facts and communications.

65. A reasonable person would find it highly offensive that Defendants collected Plaintiff's and Class members' confidential text messages and other personal information and transmitted such information to unauthorized parties without Plaintiff's and Class members' knowledge or consent.

66. Plaintiff's and Class members' reasonable interest in privacy was vitiated as a direct and proximate result of Defendants' intentional invasions set forth above.

## FIFTH CLAIM FOR RELIEF
### Trespass to Chattels

67. Plaintiff realleges paragraphs 1–43 as if set forth herein.

68. Plaintiff and Class members owned, possessed, and had a right to possess their Affected Phones.

69. Defendants intentionally interfered with Plaintiff's and Class members' ownership, possession, and/or use of their Affected Phones by causing sensitive personal information to be extracted from their phones and sent to servers in Shanghai without their knowledge or consent.

70. Defendants' interference with Plaintiff's and Class members' ownership, possession, and/or use of their Affected Phones caused damage to Plaintiff and Class members, including by diminishing the phones' value and impairing their performance.

71. A reasonable person would be willing to pay substantially less for a cell phone upon knowing that it contained irremovable firmware that would collect and transmit to an unauthorized party or parties private communications sent from and received by that phone.

72. Plaintiff and Class members are entitled to recover the full amount by which the Adups firmware harmed their possessory interest in, and reduced the value of, the Affected Phones.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class defined above, respectfully requests that this Court:

A. Certify this case as a class action under Federal Rule of Civil Procedure 23, appoint Plaintiff as the Class representative, and appoint the undersigned as Class counsel;

B. Order appropriate relief to Plaintiff and the Class, including statutory damages;

C. Enter injunctive and declaratory relief as appropriate under the applicable law;

D. Award Plaintiff and the Class pre-judgment and/or post-judgment interest as prescribed by law;

E. Award reasonable attorneys' fees and costs as permitted by law; and

F. Enter such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: November 22, 2016         Respectfully submitted,

By: ___/s/ *Amy Zeman*___

Amy Zeman (FL Bar No. 110653)
**GIBBS LAW GROUP**
3711 Sheridan Ave
Miami Beach, FL 33140
Telephone: 510.350.9721
Facsimile:  510.350.9701
Email: amz@classlawgroup.com

Daniel C. Girard (*pro hac vice* forthcoming)
*dcg@girardgibbs.com*
Jordan Elias (*pro hac vice* forthcoming)

*je@girardgibbs.com*
Esfand Y. Nafisi (*pro hac vice* forthcoming)
*eyn@girardgibbs.com*
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiff*