**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-24892-Civ-COOKE/TORRES**

*In re BLU Products, Inc. Privacy Breach Litigation*

**BLU PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant, BLU PRODUCTS, INC. ("BLU") by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to the Consolidated Class Action Complaint (the "Complaint") filed by Plaintiffs, AARON BONDS and VINCENT AGUILAR ("Plaintiffs"), individually and on behalf of other similarly situated individuals.  For its Answer and Affirmative Defenses to the Complaint, all allegations of which are denied unless specifically admitted, BLU states as follows:

**ANSWER**

**Summary of the Action[1]**

1.      BLU admits that this purports to be a privacy case brought on behalf of owners of cellular phones that contained firmware provided by Shanghai Adups.  BLU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies those allegations.

---

[1] For ease of reference only, BLU's Answer and Affirmative Defenses includes the paragraph headings found in the Complaint. The inclusion of a particular paragraph heading or caption is not an admission by BLU of any allegation of fact contained therein.

2.      BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies those allegations.

3.      BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies those allegations.

### Jurisdiction and Venue

4.      BLU admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, 18 U.S.C. § 2511, 18 U.S.C. § 2512, and 15 U.S.C. § 2301 but denies that Plaintiffs suffered any injury or that Plaintiffs have otherwise accrued a cause of action.

5.      BLU admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) but denies that Plaintiffs suffered any injury or that Plaintiffs have otherwise accrued a cause of action.

6.      BLU denies the allegations contained in Paragraph 6 of the Complaint.

7.      BLU admits the allegation set forth in paragraph 7 as to personal jurisdiction only, but denies that Plaintiffs have accrued any claims.

8.      BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies those allegations.

9.      BLU admits the allegation set forth in Paragraph 9 as to venue only, but denies that Plaintiffs have accrued any claims.

## Parties

10.     BLU is without knowledge or information sufficient to form a belief as to Aaron Bond's citizenship or the state of his residence and therefore denies those allegations.

11.      BLU is without knowledge or information sufficient to form a belief as to Vincent Aguilar's citizenship or the state of his residence and therefore denies those allegations.

12.     BLU admits that it is a Delaware corporation but denies the remaining allegations set forth in paragraph 12.

13.     BLU admits the allegations set forth in paragraph 13.

## Facts Specific to Plaintiff

**A.     Plaintiff Aaron Bonds**

14.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies those allegations.

15.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies those allegations.

16.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies those allegations.

17.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies those allegations.

18.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies those allegations.

19.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies those allegations.

20.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies those allegations.

21.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies those allegations.

**B.     Plaintiff Vincent Aguilar**

22.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies those allegations.

23.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies those allegations.

24.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies those allegations.

25.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies those allegations.

26.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies those allegations.

27.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies those allegations.

<u>**Common Allegations of Fact**</u>

**A.     Blu's Products and Adups Firmware**

28.     BLU denies the allegations set forth in Paragraph 28.

29.     BLU admits that it sells mobile phones that operate on the Google androis and Windows operating systems, but denies the remaining allegations set forth in Paragraph 29.

30.     BLU denies the allegations contained in the first sentence of Paragraph 30 of the Complaint.  BLU admits the allegations contained in the second sentence of Paragraph 30 of the Complaint.

31.     BLU denies the allegations set forth in Paragraph 31 of the Complaint.

32.     BLU denies the allegations set forth in Paragraph 32 of the Complaint.

33.     BLU admits the allegations contained in Paragraph 33 of the Complaint.

34.     BLU admits the allegations contained in Paragraph 34 of the Complaint.

35.     BLU denies the allegations set forth in Paragraph 35.

**B.     The Data Breach and Resulting Damage to Consumers**

36.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies those allegations.

37.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore denies those allegations.

38.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore denies those allegations.

39.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore denies those allegations.

40.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore denies those allegations.

41.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies those allegations.

42.      BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore denies those allegations.

43.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore denies those allegations.

**C.     The Data Breach Becomes Public**

44.     BLU admits that Kryptowire released a report as alleged in Paragraph 44 and that the report speaks for itself.

45.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and therefore denies those allegations.

46.      BLU denies the allegations contained in the first sentence of Paragraph 46 of the Complaint.  BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 46 and therefore denies those allegations.

47.     BLU denies the allegations set forth in Paragraph 47.

48.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore denies those allegations.

<u>**Class Action Allegations**</u>

49.     BLU admits that Plaintiffs purport to bring this action on behalf of themselves and others, but deny that Plaintiffs have accrued a cause of action.

50.     Paragraph 50 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 58 of the Complaint.

**First Claim for Relief**
**Violations of the Wiretap Act,**
**18 U.S.C. 2511**

59.     Paragraph 59 incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this paragraph.

60.     BLU denies the allegation set forth in Paragraph 60.

61.     BLU denies the allegation set forth in Paragraph 61.

62.     BLU denies the allegation set forth in Paragraph 62.

**Second Claim for Relief**
**Violations of the Electronic Communications Privacy Act,**
**18 U.S.C. 2512**

63.     Paragraph 63 incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this paragraph.

64.     BLU denies the allegations set forth in Paragraph 64.

65.     BLU denies the allegations set forth in Paragraph 65.

66.     BLU denies the allegations set forth in Paragraph 66.

67.     BLU denies the allegations set forth in Paragraph 67.

68.     BLU denies the allegations set forth in Paragraph 68.

**Third Claim for Relief**
**Violations of the Magnuson-Moss Warranty Act,**
**15 U.S.C. 2301, *et seq*.**

69.     Paragraph 69 incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this paragraph.

70.     Paragraph 70 of the contains legal conclusions to which no response should be required, to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 70 of the Complaint.

71.     BLU denies the allegations set forth in Paragraph 71.

72.     BLU denies the allegations set forth in Paragraph 72.

73.     BLU denies the allegation set forth in Paragraph 73.

74.     BLU denies the allegations set forth in Paragraph 74.

75.     BLU admits that Plaintiffs and Class members seeks the relief requested in Paragraph 75, but denies that Plaintiffs or Class members are entitled to any relief against BLU under any theory of recovery.

**Fourth Claim for Relief**
**Invasion of Privacy (Intrusion upon Seclusion)**

76.     Paragraph 76 incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this paragraph.

77.     BLU denies the allegations set forth in Paragraph 77.

78.     BLU denies the allegations set forth in Paragraph 78.

79.     BLU denies the allegations set forth in Paragraph 79.

80.     BLU denies the allegation set forth in Paragraph 80.

81.     BLU denies the allegation set forth in Paragraph 81.


**Fifth Claim for Relief**
**Trespass to Chattels**

82.     Paragraph 82 incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this paragraph.

83.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and therefore denies those allegation

84.     BLU denies the allegations set forth in Paragraph 84.

85.     BLU denies the allegations set forth in Paragraph 85.

86.     Paragraph 86 of the Complaint contains no allegations of fact that need be admitted or denied. To the extent a response is required, BLU denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 87 of the Complaint.

**Sixth Claim for Relief
Breach of Implied Warranty**

88.     BLU reasserts and incorporates by reference the responses contained in the paragraphs above, as if set forth here.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 89 of the Complaint.

90.     BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore denies those allegations.

91. BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore denies those allegations.

92. Paragraph 92 of the Complaint contains legal conclusions to which no response should be required. To the extent a response is required, BLU denies the allegations set forth in Paragraph 92 of the Complaint.

93. BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore denies those allegations.

94. BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and therefore denies those allegations.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies those allegations.

### Seventh Claim for Relief
### Breach of Implied Warranty in Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792, *et seq.*

96. BLU reasserts and incorporates by reference the responses contained in the paragraphs above, as if set forth here.

97. Paragraph 97 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein and therefore denies those allegations.

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

99.     Paragraph 99 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

100.    Paragraph 100 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

101.    Paragraph 101 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

102.    Paragraph 102 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

103.    Paragraph 103 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

104.    BLU denies the allegations set forth in Paragraph 104.

**Eight Claim for Relief**
**Warranty in Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §**
**Prof. Code § 17200, *et seq.***

105.    BLU reasserts and incorporates by reference the responses contained in the paragraphs above, as if set forth here.

106.    Paragraph 106 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies those allegations.

107.     Paragraph 107 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

108.     Paragraph 108 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

109.     BLU denies the allegations set forth in Paragraph 109.

110.     Paragraph 110 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

111.     Paragraph 111 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

112.     Paragraph 112 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies those allegations.

113.     BLU denies the allegations set forth in Paragraph 113.

114.     BLU denies the allegations set forth in Paragraph 114.

115.     Paragraph 115 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, BLU denies the allegations contained therein.

**Prayer for Relief**

BLU admits that Plaintiffs purport to seek the relief requested from the Court in the "Prayer for Relief" section following paragraph 115, but denies that Plaintiffs are entitled to any relief against BLU under any theory of recovery.

**Jury Demand**

Plaintiffs' jury trial demand contains no allegations of fact that need be admitted or denied.

## AFFIRMATIVE DEFENSES

BLU, by way of affirmative defenses, alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted and/or fail to plead the allegations with sufficient particularity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because BLU never intercepted, intentionally or otherwise, nor ever intended to intercept or cause any interception of any electronic communications. Furthermore, a violation of 18 U.S.C. § 2515 requires showing that the defendant intentionally intercepted electronic communications. "'Intentional' means more than that one voluntarily engaged in the conduct or caused the result. Such conduct or the causing of the result must have been the person's conscious objective." *Citron v. Citron*, 539 F. Supp. 621 (S.D.N.Y. 1982).

Moreover, a claim of intrusion upon seclusion must always be intentional to be tortious and cannot arise from a mere lack of due care. *See Snakenberg v. Hartford Casualty Insurance Co.*, 299 S.C. 164, 383 S.E.2d 2 (S.C. Ct. App. 1989).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because Plaintiffs consented to the possibility of the interception of the data that was allegedly acquired by Adups.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part because Plaintiffs' suffered minimal to no harm, as any impact on Plaintiff's privacy or technology of BLU's devices was either negligible or nonexistent and BLU promptly corrected any issues through a firmware update.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because BLU had no knowledge or reason to know that any private information was purportedly being collected by a third party from devices it sold.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because any purported defect did not make BLU's devices primarily useful for the purpose of surreptitious interception of electronic communications.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because a reasonable person with knowledge of the effects of Adup's firmware on BLU's devices would not have avoided or been deterred from purchasing BLU's devices.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because BLU is not the manufacturer of BLU's devices nor does BLU assemble any of its devices. Moreover, BLU does not meet the definition of "Manufacturer" under the Song-Beverly Consumer Warranty Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because BLU's products were at all times merchantable and fit for their ordinary purpose.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because BLU applied at the very least reasonable care in testing its devices before and after selling them.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, the consumption of BLU's devices' battery life or cellular data, if any, was negligible.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part because the designs of the accused devices do not, and never have, rendered them primarily useful for the purpose of the surreptitious interception of electronic communications. Moreover, upon BLU finding out that data was potentially being gathered by Adups, BLU promptly initiated a firmware update to prevent this from occurring.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part because BLU never intercepted, received, or benefitted from any intercepted electronic communications. Any interception of data was performed by a third party, without the knowledge, authorization, or consent of BLU.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part because any purported issues with the devices were negligible and did not rise to the level of rendering BLU's devices defective.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part because there was no diminution of value to BLU's devices since any purported issues were negligible and promptly fixed through a firmware update.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part because there was no impact to the performance of the devices.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because any collected information was not that kind that would be offensive, let alone highly offensive, to a reasonable person.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because BLU's devices performed at the expectations of a reasonable person.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because BLU did not intentionally interfere with Plaintiffs' ownership, possession, or use of their phones.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for violation of the California Unfair Competition Law fail because Plaintiffs fail to specify the precise conduct and specific provisions that gives rise to Plaintiffs' claims for violation of the California Unfair Competition Law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part in because Plaintiffs' privacy was not breached and any data collected was not personal since (a) the details collected were insignificant and a reasonable person would not consider the information personal; and (b) any collected data was encrypted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

None of Plaintiffs' claims are appropriate for class treatment because (a) the putative class is not sufficiently numerous; (b) common questions of law or fact do not predominate; (c) the claims of and defenses to the named Plaintiff are not typical of the alleged class; and/or (d) named Plaintiffs cannot adequately represent the alleged class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to show any substantial benefit can be gained from class certification.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue because they have not suffered actual injury as a result of the conduct alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part, because upon gaining knowledge of issues affecting the devices, BLU promptly implemented a firmware update

resolving any purported issues and none of the information gathered was useable as it was in an encrypted format.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for invasion of privacy fail because the alleged communications were not learned by BLU within the State of California

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

BLU alleges on information and belief that Plaintiffs have failed to allege, and cannot meet the requirements of, class certification sufficient to bring a Section 17200 claim on behalf of others.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

BLUs' conduct was not the cause in fact nor the proximate cause of any damage alleged by Plaintiffs, which damage BLU denies, barring any recovery against BLU on the Complaint and each alleged cause of action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against BLU are barred, in whole or in part in because Plaintiffs overstate their damages. Upon learning of the purported firmware issue, BLU took immediate steps to resolve any issues and did resolve the issue.

WHEREFORE, Defendant, BLU Products, Inc., respectfully requests that the Court enter a defense judgment in its favor, and that BLU Products, Inc. be awarded its reasonable attorneys' fees and costs expended in defending this action, and such further relief as the Court deems proper.

Respectfully submitted,

*s/ Bernard L. Egozi*

Bernard L. Egozi (Florida Bar No. 152544)
begozi@egozilaw.com
Isaac S. Lew (Florida Bar No. 92833)
ilew@egozilaw.com
EGOZI & BENNETT, P.A.
2999 NE 191 Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-3000

*Counsel for Defendant, BLU Products, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on this 2nd day of June, 2017, on all counsel of record on the service list below.

*s/ Bernard L. Egozi*

Bernard L. Egozi

<u>**Service List**</u>

**GIBBS LAW GROUP**
Amy Zeman
Florida Bar No. 110653
3711 Sheridan Avenue
Miami Beach, Florida 33140
Telephone: (510)350-9721
Facsimile: (510)350-9701
amz@classlawgroup.com

**GIRARD GIBBS LLP**
Daniel C. Girard, admitted *pro hac vice*
Jordan Elias (*pro hac vice* forthcoming)
Simon S. Grille, admitted *pro hac vice*
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415)981-4800
Facsimile: (415)981-4846
dcg@girardgibbs.com
je@giardgibbs.com
sg@girardgibbs.com

*Attorneys for Plaintiff Aaron Bonds*

**THE WILNER FIRM**
Norwood S. Wilner
Richard J. Lantinberg
444 East Duval St., 2nd Floor
Jacksonville, Florida 32202
Telephone: (904)446-9817
Fax: (904)446-9825
nwilner@wilnerfirm.com
rlantinberg@wilnerfirm.com

**LEVI & KORSINSKY LLP**
Rosemary M. Rivas (*pro hac vice* forthcoming)
44 Montgomery Street, Suite 650
San Francisco, California 95104
Telephone: (415)291-2420
Fax: (415)484-1294
rrivas@zlk.com

**LEVI & KORSINSKY LLP**
Courtney E. Maccarone (*pro hac vice* forthcoming)
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212)363-7500
Fax: (212)363-7171
cmaccarone@zlk.com

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
Janine L. Pollack, admitted *pro hac vice*
Correy A. Kamin (*pro hac vice* forthcoming)
270 Madison Avenue
New York, New York 10016
Telepone: (212)545-4600
Fax: (212)686-0114
pollack@whafh.com
Kamin@whafh.com

*Attorneys for Plaintiff Vincent Aguilar*